UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Bethea,<br><br>Petitioner,<br><br>–v–<br><br>Superintendent Larry Frank,<br><br>Respondent. | 16-cv-6879 (AJN)<br><br>ORDER |

ALISON J. NATHAN, District Judge:

Pending before the Court is Magistrate Judge Katharine H. Parker's Report and Recommendation ("R & R"), dated March 20, 2018, Dkt. No. 22, on Petitioner Robert Bethea's petition for a writ of habeas corpus, Dkt. No. 10. Judge Parker recommends that the Court deny the petition, concluding that the first three grounds asserted in the petition are procedurally defaulted and that the fourth ground is meritless. The Court presumes familiarity with the factual and procedural background of this case. For the following reasons, the Court adopts the R & R as the opinion of the Court.

I.  **Standard of Review**

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a case. 28 U.S.C. § 636(b)(1)(B). In reviewing a magistrate judge's report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation within 14 days after being served with a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). When, as in this case, a party is served

1

the magistrate judge's report and recommendation by mail, the party has 17 days to respond. Fed. R. Civ. P. 6(d); *see also* Fed. R. Civ. P. 5(b)(2)(C).

The district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). "A magistrate judge's decision is 'clearly erroneous' only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Indergit v. Rite Aid Corp.*, No. 08-cv-9361 (JPO), 2016 WL 236248, at *1 (S.D.N.Y. Jan. 20, 2016) (citation omitted).

## II. Discussion

In this case, no objections have been filed by the Petitioner. Any such objections were due on April 6, 2018. The Court thus reviews the entire R & R for clear error. The Court has reviewed Judge Parker's thorough and well-reasoned R & R and finds no clear error. The Court agrees with the R & R's conclusion that the Petitioner procedurally defaulted the following claims: (1) that there was insufficient evidence to support his conviction, (2) that the prosecutor withheld some unknown exculpatory evidence, and (3) that he was denied his right to testify in front of the grand jury and that the grand jury lacked probable cause to indict. *See* R & R at 8-9. The Petitioner did not raise any of these issues on appeal and has no ability to raise them now either in direct or collateral state proceedings. R & R at 9-10. The Court further agrees with the R & R's conclusion that the Petitioner's claim of ineffective assistance of counsel is without merit. R & R at 14-16. Neither defense counsel's alleged failure to secure the Petitioner's right to testify at the grand jury nor the failure to obtain an independent laboratory test of the narcotics recovered by the police during the Petitioner's arrest constituted errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011); *see also* R & R at 14-16.

## III. Conclusion

2

For the reasons stated above, the Court adopts Magistrate Judge Parker's Report and Recommendation as the opinion of the Court. The petition for writ of habeas corpus is denied. Because the Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

Chambers will mail a copy of this order to the pro se Petitioner and note its mailing on the public docket.

SO ORDERED.

Dated: April 18, 2018
New York, New York

ALISON J. NATHAN
United States District Judge